THE STATE OF FLORIDA, ex rel. TOM B. STEWART, JR., v. NATHAN MAYO, as Commissioner of Agriculture of the State of Florida.

35 So. (2nd) 13                                    January Term, 1948
March 23, 1948                                              Division A
Rehearing denied May 11, 1948

368

*Tom B. Stewart, Jr.,* for relator.

*J. Tom Watson,* Attorney General, *T. Paine Kelly,* Assistant Attorney General, and *William C. Pierce,* for respondent.

TERRELL, J.:

Summarized the alternative writ commands the Commissioner of Agriculture, (1) to inspect all citrus fruit required by law to be inspected as to maturity, and certify on prescribed forms that said fruit meets all legal requirements as to standard of quality to which artificial coloring may be added, and (2) that in making such inspection and testing, all juice used in conducting the test shall be extracted by hand, absent the use of any mechanical devise.

Respondent moves to quash the alternative writ on the ground that it seeks to coerce performance of its command in a manner contrary to law.

The answer to this question turns on the interpretation of Section 594.09, Florida Statutes 1941, as amended by Chapter

22519, Acts of 1945. Relator contends that the color added inspection requires compliance with Chapter 22519, and that the terms of said act as to use of standard test should be read into Sections 597.18 and 597.19, Florida Statutes 1941, while respondent contends that Chapter 22519, and Sections 597.18 and 597.19 are separate statutes, dealing with different phases of the citrus fruit business, and may be construed as in pari materia, but that the requirements of the former may not be read into the latter. Relator also contends that no fruit may have color added except that which passes the maturity test, and being so, Chapter 22519 should be construed to require that juice tests for color added be made in the manner prescribed by Sections 597.18 and 597.19, Florida Statutes of 1941.

We have given careful consideration to relator's contention but we are not convinced that we should pronounce it the law. Section 594.09, as amended by Chapter 22519, Acts of 1945, (maturity test) has to do with determining the total soluble solids of citrus fruits under citrus maturity law, while sections 597.18 and 597.19, Florida Statutes 1941, (color added standard) have to do with standards that citrus fruits must come within, before color may be added. Both have to do with kindred but different phases of the citrus fruit business, the one with fixing standards of quality and maturity, and the other with packing, processing and marketing, but we cannot see that Chapter 22519 was designed to affect other than the maturity standard test.

The title of Chapter 22519 is "An act to amend Section 594.09, Florida Statutes 1941, relating to the methods to be used and followed by citrus fruit inspectors in determining the total soluble solids of citrus fruit under the citrus maturity law." The main purpose of the act was to authorize the use of a reamer extractor in making juice extractions for tests under the maturity law. It makes extraction of the juice by hand the standard test, but provides that "it shall be permissible for a reamer extractor to be used in the making of juice tests, required under this Chapter, conditioned that in case the results of any such juice test made by use of a reamer extractor be challenged or disputed, a further juice test be

made by the standard method of hand extraction," and the results of such test "shall be deemed determinative." From this it necessarily follows that the use of a reamer extractor for maturity test is final unless challenged. The use of the reamer extractor amounted to nothing more than an alternative method of juice extraction.

Under Section 597.18, Florida Statutes 1941, no fruit can be colored except that which passes maturity test prescribed therein which on its face does not appear to be materially different from that prescribed by Chapter 22519, Acts of 1945, except in the latter the use of the reamer extractor is permitted. If the use of the reamer extractor is not seasonably challenged its use is conclusive and the maturity test secured could be appropriately employed in the application of Sections 597.18 and 597.19, Florida Statutes 1941. If the use of the reamer extractor is challenged the standard test must be employed.

There is no claim here that it was challenged or disputed.

Question two challenges the right of the relator to bring this suit, because no damage to him personally is shown to have resulted from the alleged non performance of the acts complained of, and question three alleges that since the acts sought to be coerced are those of an Administration Board, said Board should be made a party.

There is no merit to this contention. The Florida Citrus Commission is authorized to promulgate rules and regulations to secure both maturity and color added tests. The Commissioner of Agriculture is authorized to enforce these rules and regulations and is the only necessary party respondent. The relator seeks to enforce the performance of a duty by the Commissioner of Agriculture, on the ground that he is a citrus grower and citizen of the State of Florida, and that is sufficient.

In view of the answer given to questions one, two and three, other questions raised become unimportant and are not treated. The motion to quash is therefore granted.

It is so ordered.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.